The purpose of a trial is to seek the truth. In the present case, the defendant either was, or was not, driving under the influence of alcohol. It is important to remember that it is not illegal in Ohio to drink and drive. Law abiding citizens do that on a daily basis. So long as the consumption of alcohol does not impair the driving function, citizens are perfectly free to have a beer with friends on the way home from work. Society's interest in regulating this activity stems from the problems involved with those who exceed the limits which are essentially dictated by good common sense.
In this trial, the defendant is charged with driving a car after having had too much to drink. The police officer testified to the odor of alcohol, the slurred speech and the difficulty he encountered in understanding what was being said. Clearly, these are indicators of drunken driving which the court needed to hear in arriving at its verdict.
However, as radio commentator Paul Harvey would say, what about the rest of the story? Defendant's physician was ready, willing and able to testify that, with the exception of the odor of alcohol, those very same symptoms could just as easily be manifestations of a sleep disorder for which he had treated the defendant. Specifically, the defendant was prevented from presenting the testimony of Dr. Safavi, a medical doctor, for the purpose of establishing that appellant may have been driving during a bout of sleep walking.
The trial court and the majority place much emphasis on the fact that DUI is a strict liability violation. They then reach the conclusion that the doctor's testimony would have been legally irrelevant since, as the logic would go, if you have been drinking and you are driving, then you are guilty. I disagree.
In this case, there was no breath test. Therefore, there is no precise measurement of whether the defendant had crossed the line from being a legal social drinker to an illegal drunk driver. The testimony of the police officers was the bedrock upon which the state's case of intoxicated driving was built. All of the "symptoms" they described were subjective in nature. Glassy eyes, slurred speech and unsteady gait are the hallmarks upon which every drunken driving prosecution is premised. They also, however, are direct indicators of other perfectly legal ailments such as diabetes, influenza and pneumonia.
There is no justification in this record for the trial court to have prevented the defendant from placing his doctor's testimony into evidence. He was available to testify as to the treatment he had personally given this defendant for a sleep disorder, and presumably would be qualified to testify as to how this impaired individual would appear on a roadway in the middle of the night. Those symptoms very well may include glassy eyes, slurred speech and unsteady gait. But we, along with the trial court which convicted this individual of a felony will never know. Why? Because the judge found the doctor's opinion to be irrelevant. I must respectfully disagree with both the majority and the trial court judge. The doctor's testimony was not only relevant, it was critical to a full understanding of the question at hand.
The defendant was denied the right to present a well-qualified and highly relevant witness in his defense. As such, he was denied a fair trial, and the conviction should be reversed.